**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE CARILLO-DAVALOS, AKA Jose Carrillo-Davalos,<br><br>       Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>       Respondent. | No.   14-72806<br><br>Agency No. A205-575-971<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Jose Carillo-Davalos, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

In his opening brief, Carillo-Davalos does not challenge the BIA's dispositive finding that his asylum application was untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). We reject Carillo-Davalos' contention that the BIA's decision was ambiguous with respect to his asylum claim. Thus, we deny the petition for review as to his asylum claim.

Substantial evidence supports the BIA's denial of withholding of removal because Carillo-Davalos did not establish it is more likely than not that he would be persecuted if returned to Mexico. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003) (to qualify for withholding of removal, petitioner must show that it is more probable than not that he would suffer future persecution).

Finally, we lack jurisdiction to consider Carillo-Davalos' contentions concerning cancellation of removal or CAT because he failed to raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

14-72806

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**